JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A.  Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1]  Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana.  Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district.  AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district.  Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

* Judge Motz took no part in the decision of this matter.

[1]Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2).  These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows:  plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings, because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings.  We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge.  *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs.  We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that:  1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.  We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation.  In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court.  *In re Mutual Funds Investment Litigation,* 310 F.Supp.2d 1359 (J.P.M.L. 2004).  It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district.  But we are unwilling, on the basis of the record before us, to make such a determination at this time.  Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.  *See* Rule 7.6, 199 F.R.D. at 436-38.  We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1657 -- In re Vioxx Products Liability Litigation

### Middle District of Alabama

*Paul Turner, Sr. v. Merck & Co., Inc.*, C.A. No. 1:04-999
*Danny M. Wilson v. Merck & Co., Inc.*, C.A. No. 2:03-844

### Northern District of Alabama

*Carolyn O. Hensley, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-906
*William Cook v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2710
*Sharon Scott Jones v. Merck & Co., Inc.*, C.A. No. 5:04-3079

### Southern District of Alabama

*Carolyn Younge, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:03-125

### Eastern District of Arkansas

*Linda Sue Otts v. Merck & Co., Inc.*, C.A. No. 5:04-57

### Western District of Arkansas

*Bobby Brown, et al. v. Merck & Co., et al.*, C.A. No. 4:04-4140
*Arthur Fulton, etc. v. Merck & Co., Inc.*, C.A. No. 6:03-6107

### Central District of California

*Charles Ashman v. Merck & Co., Inc.*, C.A. No. 2:04-8225
*Janet Briggs v. Merck & Co., Inc.*, C.A. No. 2:04-9275

### Northern District of California

*Kathy Tokes v. Merck & Co., Inc.*, C.A. No. 3:04-4435
*Patricia A. Taylor v. Merck & Co., Inc.*, C.A. No. 3:04-4510
*Jeffrey Brass v. Merck & Co., Inc.*, C.A. No. 3:04-4521

### Middle District of Florida

*Frances Dunleavey, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-539

- A2 -

**MDL-1657 Schedule A (Continued)**

<u>Northern District of Florida</u>

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388

<u>Southern District of Florida</u>

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983

<u>Northern District of Georgia</u>

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231

<u>Northern District of Illinois</u>

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218

<u>Southern District of Illinois</u>

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836

<u>Southern District of Indiana</u>

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651

<u>District of Kansas</u>

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355

- A3 -

**MDL-1657 Schedule A (Continued)**

### Eastern District of Kentucky

*Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235
*Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452

### Eastern District of Louisiana

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

### Middle District of Louisiana

*Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712
*Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776
*Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800
*Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801
*Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802
*James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803
*Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804

### Western District of Louisiana

*Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304
*Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110
*Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126
*Norma Merrit, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401
*Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268
*Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269
*Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270
*Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271
*Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272
*Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273
*William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274
*Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275
*Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276
*Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174

- A4 -

**MDL-1657 Schedule A (Continued)**

<u>District of Maryland</u>

*Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-3612
*Melvin Biles v. Merck & Co., Inc.*, C.A. No. 1:04-975
*David Morris, Jr. v. Merck & Co., Inc.*, C.A. No. 8:04-3024
*Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A. No. 8:04-3604

<u>District of Massachusetts</u>

*Frank R. Saia v. Merck & Co., Inc.*, C.A. No. 1:04-12166

<u>District of Minnesota</u>

*Carolyn Y. Glover v. Merck & Co., Inc.*, C.A. No. 0:03-5166
*Lowell Burris, Jr. v. Merck & Co., Inc.*, C.A. No. 0:04-4375
*Shirley Homister v. Merck & Co., Inc.*, C.A. No. 0:04-4754

<u>Northern District of Mississippi</u>

*Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-105

<u>Southern District of Mississippi</u>

*Leona McFarland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-247
*Bettye J. Magee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-249
*Jerry Melton v. Merck & Co., Inc., et al.*, C.A. No. 2:04-372
*Janet Sue Morgan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-435
*Brenda Price, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-866

<u>Eastern District of Missouri</u>

*Deyonne E. Whitmore v. Merck & Co., Inc.*, C.A. No. 4:03-1354
*Janice Perkins v. Merck & Co., Inc.*, C.A. No. 4:04-1446
*Jurhee Bench v. Merck & Co., Inc.*, C.A. No. 4:04-1447

<u>Western District of Missouri</u>

*Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952
*Russell Young, etc. v. Merck & Co.*, C.A. No. 6:04-5117

- A5 -

**MDL-1657 Schedule A (Continued)**

<u>District of New Jersey</u>

*Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178
*Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341

<u>Eastern District of New York</u>

*Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441
*William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949
*Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439
*Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606
*Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686
*Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485
*William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486

<u>Southern District of New York</u>

*Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082
*Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085
*Walter McNaughton v. Merck & Co., Inc.*, C.A. No. 1:04-8297
*Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959
*Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248
*Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169

<u>Northern District of Ohio</u>

*Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209
*Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217
*Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 9
*Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245
*Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623

<u>Western District of Oklahoma</u>

*Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235

<u>Eastern District of Pennsylvania</u>

*Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713
*Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882
*Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900
*Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077
*Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130

- A6 -

**MDL-1657 Schedule A (Continued)**

<u>District of Puerto Rico</u>

*Rafael Gonzalez-Arias, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2263

<u>District of South Carolina</u>

*Bridget Elaine Michaud, etc. v. Merck & Co., Inc.*, C.A. No. 4:03-3083

<u>Eastern District of Texas</u>

*Arthur Clifford Hall, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-684
*Brenda Lewis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-685
*Billie Painton, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-686
*Lovincy Richard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-703
*Bill Jolley, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-376
*Marian Williamson, etc. v. Merck & Co., Inc.*, C.A. No. 2:04-406
*Deborah Daley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:03-509

<u>Northern District of Texas</u>

*Dellas Staples, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-180
*Michael R. Leonard v. Merck & Co., Inc.*, C.A. No. 3:04-2157
*Jack A. Register, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-2259

<u>Southern District of Texas</u>

*Heirs of the Estate of Pablo Flores v. Merck & Co., Inc., et al.*, C.A. No. 2:03-362
*Audona Sandoval v. Merck & Co., Inc.*, C.A. No. 2:04-544
*Jeffrey L. Denny, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-526
*Kimberly D. Stubblefield, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:02-3139
*John P. Eberhardt v. Merck & Co., Inc.*, C.A. No. 4:03-1380
*Myrtle Louise Bell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3448
*Thomas Joseph Pikul, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3656
*Opalene Stringer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3657
*Reginald K. Fears v. Merck & Co., Inc.*, C.A. No. 4:04-4187
*Peggy J. Balch v. Merck & Co., Inc.*, C.A. No. 4:04-4201
*John R. Stout v. Merck & Co., Inc.*, C.A. No. 4:04-4205
*Charles C. Gilmore v. Merck & Co., Inc.*, C.A. No. 4:04-4206
*Johnny White v. Merck & Co., Inc.*, C.A. No. 4:04-4207
*Donna Hale v. Merck & Co., Inc.*, C.A. No. 4:04-4208
*Bernadette Young v. Merck & Co., Inc.*, C.A. No. 4:04-4209
*William B. Gregory, Jr. v. Merck & Co., Inc.*, C.A. No. 4:04-4327

- A7 -

**MDL-1657 Schedule A (Continued)**

      <u>Southern District of Texas</u> (Continued)

*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:03-134
*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-153
*Olga Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 7:04-352
*Maria Emma Hinojosa v. Merck & Co., Inc.*, C.A. No. 7:04-373

      <u>Western District of Texas</u>

*Joe Hopson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-485
*Larry Lee Bauman, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-707
*Carolyn Reed, etc. v. Minor, et al.*, C.A. No. 1:04-731

      <u>District of Utah</u>

*Della Jo Salt, et al. v. Merck & Co., Inc.*, C.A. No. 2:01-794

      <u>District of Vermont</u>

*Sara Cheeseman v. Merck & Co., Inc.*, C.A. No. 1:04-261

      <u>Western District of Virginia</u>

*Catherine Wheatley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-20



# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

September 7, 2007

<u>VIA FEDERAL EXPRESS</u>

Jeffrey N. Lüthi, Esq.
Catherine Maida
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E. Room G-255, North Lobby
Washington, D.C. 20002-8004

> Re:    In re: Vioxx® Marketing, Sales Practices and Products
> Liability Litigation, MDL Docket No. 1657

Dear Sir and Madam:

Pursuant to J.P.M.L. Rule 7.5(e), Merck hereby notifies the Panel of potential "tag-along actions." This letter is Merck's 262nd notification of potential "tag-along actions" and includes cases that have recently been filed in or removed to federal court. Courtesy copies of the complaints and docket sheets for these cases are enclosed.

1. *Fleming v. Merck & Co., Inc.,* C.A. No. 1:07-cv-00797 (M.D. Ala.)
2. *Golder et al., v. Merck & Co., Inc.,* C.A. No. 1:07-cv-02356 (D. Md.)
3. *Baskins v. Merck & Co., Inc.,* C.A. No. 1:07-cv-11653 (D. Mass.)
4. *Booth et al., v. Merck & Co., Inc. et al.,* C.A. No. 2:07-cv-01208 (D. Nev.)
5. *Katsibubas et al., v. Merck & Co., Inc. et al.,* C.A. No. 2:07-cv-01209 (D. Nev.)

There is one new case filed in the transferee court.

1. *Simmons et al., v. Merck & Co., Inc.,* C.A. No. 2:07-cv-05246 (E.D. La.)

Respectfully submitted,

Shawn McEnnis

SM/eas

Enclosures

M0DE045751

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 0 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 1657

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL* AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 34 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., opposes the motions and favors inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the Kentucky plaintiff who argues that she does not have the resources to litigate this matter in the Eastern District of Louisiana, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is logical to assume that prudent counsel will combine their forces and

---

* Judges Motz and Vratil took no part in the decision of this matter.

- 2 -

apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with the uniform case management approach already instituted by the transferee judge will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

To the Pennsylvania plaintiff who asserts that her action presents unique additional claims or factual questions rendering inclusion of the action in MDL-1657 unnecessary or inadvisable, and the Texas plaintiffs who argue against inclusion of their action in MDL-1657 because of the advanced stage of proceedings in this action, we believe that further refinement of the issues and close scrutiny by the transferee judge provide the better course. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that Panel Rule 1.6(a), R.P.J.P.M.L., 199 F.R.D. at 428, regarding transfer of files is suspended for this docket.[1]

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[1] This Panel rule requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files in this docket, we are suspending this rule. Instead, we will rely on the judgment of the transferee judge to request from the transferor district clerks or the parties whatever case files and docket sheets he needs.

# SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

### Middle District of Alabama

*Yolanda King v. Merck & Co., Inc., et al.*, C.A. No. 2:05-165

### District of Arizona

*Wayne Young v. Merck & Co., Inc.*, C.A. No. 2:05-307

### Middle District of Florida

*Amparo Alvarez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-171
*Nelson Oquendo, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-172
*Gloria Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-221
*Dallas Childers, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-222
*Maria Diaz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-239
*Brenda Jurado v. Merck & Co., Inc., et al.*, C.A. No. 8:05-224
*Felix Carvajal, et al. v. Merck & Co., Inc., et al.*, C.A. No. 8:05-276

### Northern District of Illinois

*Kathleen Brown, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-1092

### Southern District of Illinois

*Gerald Sumner, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-864
*Ida Akins v. Merck & Co., Inc., et al.*, C.A. No. 3:05-39

### Eastern District of Kentucky

*Jacquelyn Washburn, etc. v. Merck & Co., Inc.*, C.A. No. 5:05-47

- A2 -

<u>Eastern District of Missouri</u>

*Theresa Tuma, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-83
*Celestine Dale, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-84
*Debra Raymo, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-85
*Vernon Andrews, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-86
*Carol Thomas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-87
*Sammy L. Underwood, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-88
*Arline Anderson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-89
*Edna McGhee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-90
*Regina Menderski, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-92
*Mary Stewart, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-93
*Gloria Singleton, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-94
*Kenneth Britton, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-96
*James Cerutti, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-97
*Arthur Hale, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-300
*Marlene Harris, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-301
*Sineria Jones, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-303
*Lois Wolz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-307

<u>Northern District of New York</u>

*Richard F. Core, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-1367

<u>Northern District of Oklahoma</u>

*Tommy Lee v. Merck & Co., Inc.*, C.A. No. 4:04-930

<u>Western District of Pennsylvania</u>

*Judith E. Orie, M.D. v. Merck & Co, Inc.*, C.A. No. 2:04-1886

<u>Southern District of Texas</u>

*Felicia Garza, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:05-17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 1657 |
| IN RE: VIOXX | : | |
|       PRODUCTS LIABILITY LITIGATION | : | SECTION:  L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**THIS DOCUMENT RELATES TO ALL CASES**

<u>**PRETRIAL ORDER #1**</u>
**Setting Initial Conference**

It appearing that civil actions listed on Schedule A, attached hereto, which were

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its

order of February 16, 2005, merit special attention as complex litigation, it is, therefore,

ORDERED that:

1.      APPLICABILITY OF ORDER---Prior to the initial pretrial conference and entry

of a comprehensive order governing all further proceedings in this case, the provisions of this

Order shall govern the practice and procedure in those actions that were transferred to this Court

by the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005 listed

on Schedule A.  This Order also applies to all related cases filed in all sections of the Eastern

District of Louisiana and  will also apply to any "tag-along actions" later filed in, removed to, or

transferred to this Court.

2.    CONSOLIDATION---The civil actions listed on Schedule A  are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana,  will automatically be consolidated with this action  without the necessity of future motions or orders.   This consolidation, however, does not constitute a determination that the actions  should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3.    DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--- Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Friday, March 18, 2005 at 9:00 a.m. in Judge Eldon E. Fallon's courtroom, Room 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.  The items listed in MCL 4th Sections 22.6,  22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference.  Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions.  If the parties have any suggestions as to any case management orders or additional agenda items,  these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by <u>March 11, 2005.</u>

4.     POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by March 11, 2005 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.  The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known.  The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

5.     APPEARANCE---Each party represented by counsel shall appear at the initial pretrial conference through their  attorney who will have primary responsibility for the party's interest in this litigation.  Parties not represented by counsel may appear in person or through an authorized and responsible agent.  To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference.  A party will not by designating an attorney to represent its interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

6.     SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B.  Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list.  The parties shall present to the Court at the initial conference a list of attorneys and their office addresses and E-mail addresses.

7.     EXTENSION AND STAY---The defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court.  Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.  Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

8.     MASTER DOCKET FILE---The Clerk of Court will maintain a master docket case file under the style "In Re: VIOXX  Products Liability  Litigation" and the identification "MDL No. 1657 ".  When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases."  When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to".  The following is a sample of the pleading style:

In Re: VIOXX                                          MDL No. 1657
        Products Liability Litigation
                                                     SECTION: L

This Document Relates to:                            Judge Fallon
                                                     Mag. Judge Knowles

9.     FILING---Until electronic filing is instituted in the Eastern District of Louisiana, a signed original of any pleading or paper together with the number of copies set forth in the Local Rules is all that need be filed.  The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet.  All documents shall be filed in the master file.

10.    DOCKETING---When an action that properly belongs as a part of <u>In Re: VIOXX</u> <u>Products Liability Litigation</u> is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

      a.      File a copy of this Order in the separate file for such action;

      b.      Make an appropriate entry on the master docket sheet;

      c.      Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

      d.      Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

11.    APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court.  Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6E  and 83.2.7 are waived.  Association of local counsel is not required.

12.    REMAND STIPULATIONS---In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13.    PRESERVATION OF EVIDENCE---All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties  who possess

materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. <u>Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.</u>

     14.    FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

15.     LIAISON COUNSEL---<u>Prior</u> to the initial conference, counsel for the plaintiffs and counsel for the defendant shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of  liaison counsel for each group who will be charged with essentially administrative matters.  For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.  The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement.  Appointment of liaison counsel shall be subject to the approval of the Court.  At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

16. PLAINTIFFS' STEERING COMMITTEE---It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee.  Applications/nominations for the

PSC positions must be filed as an original and one copy with the Eastern District of Louisiana's Clerk's Office on or before Monday, March 28, 2005. A copy must also be served upon counsel named in the attached list on the day of filing. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than three (3) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee. Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed with the Clerk in an original and one copy on or before April 4, 2005. The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

Discovery

 (1) Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

 (2) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

 (3) Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and

documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)    Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

Hearings and Meetings

(1)    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2)    Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3)    Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

-9-

Miscellaneous

(1)     Submit and argue any verbal or written motions presented to the Court or
Magistrate on behalf of the PSC as well as oppose when necessary any
motions submitted by the defendant or other parties which involve matters
within the sphere of the responsibilities of the PSC.

(2)     Negotiate and enter into stipulations with Defendants regarding this
litigation.  All stipulations entered into by the PSC, except for strictly
administrative details such as scheduling, must be submitted for Court
approval and will not be binding until the Court has ratified the stipulation.
Any attorney not in agreement with a non-administrative stipulation  shall
file with the Court a written objection thereto within ten (10) days after
he/she knows or should have reasonably become aware of the stipulation.
Failure to object within the term allowed shall be deemed a waiver and the
stipulation will automatically be binding on that party.

(3)     Explore, develop, and pursue all settlement options pertaining to any claim
or portion thereof of any case filed in this litigation.

(4)     Maintain adequate files of all pretrial matters and have them available,
under reasonable terms and conditions, for examination by Plaintiffs or
their attorneys.

(5)     Prepare periodic status reports summarizing the PSC's work and progress.
These reports shall be submitted to the Plaintiffs' Liaison Counsel who will
promptly distribute copies to the other plaintiffs' attorneys.

-10-

(6)     Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

(7)     Perform such other functions as may be expressly authorized by further orders of this Court.

(8)     Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

17.     COMMUNICATION WITH THE COURT---Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this $\underline{17^{th}}$ day of $\underline{\quad February \quad}$, 2005.

/s/ Eldon E. Fallon_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-11-

A CERTIFIED TRUE COPY

FEB 1 6 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA    FEB 1 6 2005

*RELEASED FOR PUBLICATION*    2005 FEB 17 AM 11: 37    FILED
CLERK'S OFFICE

*DOCKET NO. 1657*    LORETTA G. WHYTE
CLERK

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

[*] Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (2), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Fee
Process
X Dktd
CtRmDep
Doc. No

A CERTIFIED TRUE COPY

2005 3 1 833

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings because motions to remand their actions to state court are pending; plaintiffs in several Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.,* E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1657 -- In re Vioxx Products Liability Litigation

**SECT. L MAG. 3**

CASE No. ASSIGNED
EASTERN DisT OF LouisiANA

### Middle District of Alabama

| | |
|---|---|
| *Paul Turner, Sr. v. Merck & Co., Inc.*, C.A. No. 1:04-999 | 05-0428 |
| *Danny M. Wilson v. Merck & Co., Inc.*, C.A. No. 2:03-844 | 05-0429 |

### Northern District of Alabama

| | |
|---|---|
| *Carolyn O. Hensley, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-906 | 05-0430 |
| *William Cook v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2710 | 05-0431 |
| *Sharon Scott Jones v. Merck & Co., Inc.*, C.A. No. 5:04-3079 | 05-0432 |

### Southern District of Alabama

| | |
|---|---|
| *Carolyn Younge, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:03-125 | 05-0433 |

### Eastern District of Arkansas

| | |
|---|---|
| *Linda Sue Otts v. Merck & Co., Inc.*, C.A. No. 5:04-57 | 05-0434 |

### Western District of Arkansas

| | |
|---|---|
| *Bobby Brown, et al. v. Merck & Co., et al.*, C.A. No. 4:04-4140 | 05-0435 |
| *Arthur Fulton, etc. v. Merck & Co., Inc.*, C.A. No. 6:03-6107 | 05-0436 |

### Central District of California

| | |
|---|---|
| *Charles Ashman v. Merck & Co., Inc.*, C.A. No. 2:04-8225 | 05-0437 |
| *Janet Briggs v. Merck & Co., Inc.*, C.A. No. 2:04-9275 | 05-0438 |

### Northern District of California

| | |
|---|---|
| *Kathy Tokes v. Merck & Co., Inc.*, C.A. No. 3:04-4435 | 05-0439 |
| *Patricia A. Taylor v. Merck & Co., Inc.*, C.A. No. 3:04-4510 | 05-0440 |
| *Jeffrey Brass v. Merck & Co., Inc.*, C.A. No. 3:04-4521 | 05-0441 |

### Middle District of Florida

| | |
|---|---|
| *Frances Dunleavey, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-539 | 05-0442 |

- A2 -

**MDL-1657 Schedule A (Continued)**

SECT. L MAG. 3

### Northern District of Florida

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388    05-0443

### Southern District of Florida

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429    05-0444
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631    05-0445
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632    05-0446
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799    05-0447
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983    05-0448

### Northern District of Georgia

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530    05-0449
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231    05-0450

### Northern District of Illinois

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407    05-0451
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741    05-0452
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218    05-0453

### Southern District of Illinois

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27    05-0454
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792    05-0455
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836    05-0456

### Southern District of Indiana

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535    05-0457
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651    05-0458

### District of Kansas

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518    05-0459
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355    05-0460

- A3 -

**MDL-1657 Schedule A (Continued)**

SECT. L MAG. 3

### Eastern District of Kentucky

*Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235          05-0461
*Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452          05-0462

### Eastern District of Louisiana

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

### Middle District of Louisiana

*Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712          05-0463
*Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776          05-0464
*Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800          05-0465
*Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801          05-0466
*Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802          05-0467
*James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803          05-0468
*Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804          05-0469

### Western District of Louisiana

*Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304          05-0470
*Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110          05-0471
*Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126          05-0472
*Norma Merrit, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401          05-0473
*Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268          05-0474
*Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269          05-0475
*Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270          05-0476
*Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271          05-0477
*Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272          05-0478
*Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273          05-0479
*William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274          05-0480
*Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275          05-0481
*Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276          05-0482
*Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174          05-0483

- A4 -

**MDL-1657 Schedule A (Continued)**

BEST ! MAR 3

District of Maryland

Lindsey Edler, etc. v. Merck & Co., Inc., C.A. No. 1:03-3612                05-0484
Melvin Biles v. Merck & Co., Inc., C.A. No. 1:04-975                       05-0485
David Morris, Jr. v. Merck & Co., Inc., C.A. No. 8:04-3024                 05-0486
Daniel Martin Jeffers, et al. v. Merck & Co., Inc., C.A. No. 8:04-3604     05-0487

District of Massachusetts

Frank R. Saia v. Merck & Co., Inc., C.A. No. 1:04-12166                    05-0488

District of Minnesota

Carolyn Y. Glover v. Merck & Co., Inc., C.A. No. 0:03-5166                 05-0489
Lowell Burris, Jr. v. Merck & Co., Inc., C.A. No. 0:04-4375               05-0490
Shirley Homister v. Merck & Co., Inc., C.A. No. 0:04-4754                 05-0491

Northern District of Mississippi

Frances Shannon, et al. v. Merck & Co., Inc., et al., C.A. No. 2:03-105    05-0492

Southern District of Mississippi

Leona McFarland, et al. v. Merck & Co., Inc., et al., C.A. No. 2:03-247    05-0493
Bettye J. Magee, et al. v. Merck & Co., Inc., et al., C.A. No. 2:03-249    05-0494
Jerry Melton v. Merck & Co., Inc., et al., C.A. No. 2:04-372              05-0495
Janet Sue Morgan, et al. v. Merck & Co., Inc., et al., C.A. No. 3:03-435   05-0496
Brenda Price, et al. v. Merck & Co., Inc., et al., C.A. No. 3:04-866       05-0497

Eastern District of Missouri

Deyonne E. Whitmore v. Merck & Co., Inc., C.A. No. 4:03-1354              05-0498
Janice Perkins v. Merck & Co:, Inc., C.A. No. 4:04-1446                   05-0499
Jurhee Bench v. Merck & Co., Inc., C.A. No. 4:04-1447                     05-0500

Western District of Missouri

Caroline Nevels v. Merck & Co., Inc., et al., C.A. No. 4:04-952           05-0501
Russell Young, etc. v. Merck & Co., Inc., C.A. No. 6:04-5117              05-0502

- A5 -

**MDL-1657 Schedule A (Continued)**                    SECT. L MAG. 3

District of New Jersey

| | |
|---|---|
| *Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178 | **05-0503** |
| *Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341 | **05-0504** |

Eastern District of New York

| | |
|---|---|
| *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441 | **05-0505** |
| *William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949 | **05-0506** |
| *Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439 | **05-0507** |
| *Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606 | **05-0508** |
| *Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686 | **05-0509** |
| *Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485 | **05-0510** |
| *William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486 | **05-0511** |

Southern District of New York

| | |
|---|---|
| *Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082 | **05-0512** |
| *Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085 | **05-0513** |
| *Walter McNaughton v. Merck & Co. Inc.*, C.A. No. 1:04-8297 | **05-0514** |
| *Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959 | **05-0515** |
| *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248 | **05-0516** |
| *Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169 | **05-0517** |

Northern District of Ohio

| | |
|---|---|
| *Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209 | **05-0518** |
| *Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217 | **05-0519** |
| JAMES E. *Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 | **05-0520** |
| *Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245 | **05-0521** |
| *Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623 | **05-0522** |

Western District of Oklahoma

| | |
|---|---|
| *Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235 | **05-0523** |

Eastern District of Pennsylvania

| | |
|---|---|
| *Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713 | **05-0524** |
| *Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882 | **05-0525** |
| *Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900 | **05-0526** |
| *Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077 | **05-0527** |
| *Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130 | **05-0528** |

- A6 -

**MDL-1657 Schedule A (Continued)**



   <u>District of Puerto Rico</u>

*Rafael Gonzalez-Arias, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2263     05-0529

   <u>District of South Carolina</u>

*Bridget Elaine Michaud, etc. v. Merck & Co., Inc.*, C.A. No. 4:03-3083    05-0530

   <u>Eastern District of Texas</u>

*Arthur Clifford Hall, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-684    05-0531
*Brenda Lewis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-685     05-0532
*Billie Painton, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-686     05-0533
*Lovincy Richard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-703    05-0534
*Bill Jolley, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-376     05-0535
*Marian Williamson, etc. v. Merck & Co., Inc.*, C.A. No. 2:04-406    05-0536
*Deborah Daley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:03-509    05-0537

   <u>Northern District of Texas</u>

*Dellas Staples, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-180    05-0538
*Michael R. Leonard v. Merck & Co., Inc.*, C.A. No. 3:04-2157     05-0539
*Jack A. Register, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-2259    05-0540

   <u>Southern District of Texas</u>

*Heirs of the Estate of Pablo Flores v. Merck & Co., Inc., et al.*, C.A. No. 2:03-362  05-0541
*Audona Sandoval v. Merck & Co., Inc.*, C.A. No. 2:04-544     05-0542
*Jeffrey L. Denny, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-526    05-0543
*Kimberly D. Stubblefield, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:02-3139  05-0544
*John P. Eberhardt v. Merck & Co., Inc.*, C.A. No. 4:03-1380     05-0545
*Myrtle Louise Bell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3448   05-0546
*Thomas Joseph Pikul, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3656   05-0547
*Opalene Stringer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3657   05-0548
*Reginald K. Fears v. Merck & Co., Inc.*, C.A. No. 4:04-4187     05-0549
*Peggy J. Balch v. Merck & Co., Inc.*, C.A. No. 4:04-4201     05-0550
*John R. Stout v. Merck & Co., Inc.*, C.A. No. 4:04-4205     05-0551
*Charles C. Gilmore v. Merck & Co., Inc.*, C.A. No. 4:04-4206     05-0552
*Johnny White v. Merck & Co., Inc.*, C.A. No. 4:04-4207     05-0553
*Donna Hale v. Merck & Co., Inc.*, C.A. No. 4:04-4208     05-0554
*Bernadette Young v. Merck & Co., Inc.*, C.A. No. 4:04-4209     05-0555
*William B. Gregory, Jr. v. Merck & Co., Inc.*, C.A. No. 4:04-4327    05-0556

- A7 -

**MDL-1657 Schedule A (Continued)**

Southern District of Texas (Continued)

*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:03-134          05-0557
*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-153          05-0558
*Olga Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 7:04-352          05-0559
*Maria Emma Hinojosa v. Merck & Co., Inc.*, C.A. No. 7:04-373          05-0560

Western District of Texas

*Joe Hopson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-485          05-0561
*Larry Lee Bauman, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-707          05-0562
*Carolyn Reed, etc. v. Minor, et al.*, C.A. No. 1:04-731          05-0563

District of Utah

*Della Jo Salt, et al. v. Merck & Co., Inc.*, C.A. No. 2:01-794          05-0564

District of Vermont

*Sara Cheeseman v. Merck & Co., Inc.*, C.A. No. 1:04-261          05-0565

Western District of Virginia

*Catherine Wheatley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-20          05-0566

Docket: 1657 - In re Vioxx Products Liability Litigation
Status: Transferred on 02/16/2005                    SCHEDULE B
Transferee District: LAE     Judge: Fallon, Eldon E.

Printed on 02/16/2005

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Allen, Jr, T. Scott<br>Cruse, Scott, Henderson & Allen<br>2777 Allen Parkway<br>7th Floor<br>Houston, TX 77019 | => Arango, M.D , Dario*; Dario Arango, M.D., P A. dba Arango Family & Industrial Clinic*, Dennis, Dr. Michael D.*; Suderman, D O., Emery L.* |
| Americsourcebergen,<br>1300 Morris Drive<br>Suite 100<br>Chesterbrook, PA 19087 | => Amerisource, Inc., Amerisourcebergen#; Bergen Brunswig Drug Co.# |
| Arsenault, Richard J.<br>Neblett Beard & Arsenault<br>P O. Box 1190<br>Alexandria, LA 71309-1190 | => Lavergne, Donna |
| Aylstock, Bryan F.<br>Aylstock, Witkin & Sasser, P.L C.<br>55 Baybridge Drive<br>Gulf Breeze, FL 32561 | => Price, Bobby, Price, Brenda |
| Bailey, Blake H.<br>Bailey Law Firm<br>112 South Broadway<br>Tyler, TX 75702 | => Bailey, Jerlene*; Ford, James*; Harrington, John*, Hollandsworth, James*, Irvin, Barbara*; Jolley, Bill*, Morrison, Ethel*; Smith, Shirley*; Williams, James*, Young, David* |
| Barkley, Steven C.<br>3560 Delaware<br>Suite 305<br>Beaumont, TX 77706 | => Hall (Ind /Rep /Est.-Margaret Isabel) Arthur Clifford, Hall, Eliot; Hall, Frank Harold |
| Barrett, David A.<br>Boies, Schiller & Flexner, LLP<br>570 Lexington Avenue<br>16th Floor<br>New York, NY 10022 | => Cain, Alex*; Moss, Bobbie*; Watkins, William* |
| Becnel, Bradley Douglas<br>Law Offices Of Daniel E. Becnel, Jr.<br>425 W. Airline Hwy.<br>Suite B<br>Laplace, LA 70068 | => Savage, Sr , Clifton Adam |
| Becnel, Jr, Daniel E<br>Law Offices of Daniel E. Becnel, Jr.<br>106 West Seventh Street<br>P.O. Drawer H<br>Reserve, LA 70084-2095 | => Benoit, James Edward, Bracken, Dorothy; Brown, Wilson; Chiszle, Clarence; Christina, Sr., Salvadore*; Davis, Leonce; Falick, Howard Mark; Gagola, Mary V.; Hudson, Linda Kay; Parr, Christine L.; Robertson, Delores Thomas; Wilkinson, Jesse |
| Bergen Brunswig,<br>P O. Box 959<br>Valley Forge, PA 19482 | => Bergen Brunswig Drug Co. dba Amerisourcebergen |
| Berger, C. William<br>Furr & Cohen<br>One Boca Place<br>2255 Glades Road | => Silber, Stanley; Silber, Susan |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 337W<br>Boca Raton, FL 33431 | |
| Birchfield, Jr, Andy D.<br>Beasley, Allen, Crow, Methvin, Portis & Miles<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160 | => Abram, Antoinette*; Adams (Behalf-Janet), Eddie William*; Brown (Behalf-Stephen Anthony), Tracy*; Chapman, Eunice*; Cook, William*; Early, Reginald*; Eckols, Lula*; Eckols, Tommy Lee*; Flanagan, Geneva L.*; Gough, Jerry*; Halbert, Josephine*; Harmon, Roy*; Holmes, Gene*; Hopkins (Behalf-Emma Conner), Willie Mae*; Hudson, Camilla Faye*; Johnson, Sharon*; Jones, Annie*; Jones, Jessie Lee*; King, Tonya Lynn*; Logan, Joe W.*; Magee, Bettye J.*; Maynor, Linder*; McFarland, Leona*; McMillan, Louise*; McNeil, Bessie*; Morgan, Janet Sue*; Morgan, Stephanie*; Moulds (Behalf-Alice Lessie Atchley), Rachel*; Norwood, Annie*; Oliver (Behalf-Kenneth Ray), Frances Ann*; Otts, Linda Sue*; Parsons, Mary*; Payton, Eddie William*; Pegues, Riella*; Powell, Susie M.*; Smith, James*; Starling, Lamont*; Sykes, Melissa*; Tucker, Barbara*; Warren, James Howard*; Wheatley (Adm./Est.-Carl), Catherine*; Wheaton, Rosie C.*; Younge (Ind./Adm./Est.-Charles Marvin), Carolyn*; Zellmer, Richard* |
| Bradford, Reshonda L.<br>Singleton Law Firm<br>4050 Linwood Ave<br>Shreveport, LA 71108 | => Allegretto, Fran, Anderson, Comecia; Anderson, Frederick, Baylor, Ruthie; Brooks, Magaline; Edwards, Joe Ree; Garcie, Mattie; Hall, Calvin; Kersee, Mary; Merrit, Norma; Netter, Carlos, Payne, Minnie, Rice, Thelma, Upshaw, James |
| Bruno, Joseph M.<br>Bruno & Bruno, LLP<br>855 Baronne Street<br>New Orleans, LA 70113 | => Alexander, Angelis* |
| Buchanan, Virginia M<br>Levin, Papatonio, Thomas, Mitchell, et al.<br>316 South Baylen Street, Suite 600<br>P O Box 12308<br>Pensacola, FL 32501 | => Burt, Benjamin R., Burt, Shirley |
| Cabraser, Elizabeth J.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street<br>30th Floor<br>San Francisco, CA 94111-3339 | => Aguero, Brenda*, Herke, Sherrill* |
| Carboy, Andrew J<br>Sullivan, Papain, Block, McGrath & Cannavo<br>120 Broadway<br>18th Floor<br>New York, NY 10271 | => Fontanetta, Robin, Fontanetta, William |
| Carroll, Raymond S<br>Law Offices Of Weiner,carroll & Strauss<br>119 Rockland Center<br>Suite 425<br>Nanuet, NY 10954 | => McNaughton, Walter* |
| Colingo, Joseph R<br>Williams, Heidelberg, et al.<br>P.O. Box 1407<br>711 Delmas Avenue<br>Pascagoula, MS 39568-1407 | => Stewart, Dr. Reginald |
| Cory, Ernest<br>Cory, Watson, Crowder & DeGaris, P C.<br>2131 Magnolia Avenue | => Fulton (Adm./Est.-Rebeka Kayla Schultz), Arthur*; Hensley (Exe./Est.-Henry Lee), Carolyn O.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 200<br>Birmingham, AL 35205 | |
| Craig, Jr, C. York<br>Craig, Hester, Luke & Dodson<br>P O Box 12005<br>Jackson, MS 39236-2005 | => Columbia Discount Drugs, Inc.; Super D #143 |
| Crum, Richard E.<br>Cobb, Shealy, Crum & Derrick, P A.<br>P.O. Box 6346<br>Dothan, AL 36302-6346 | => Turner, Sr , Paul* |
| D'Amato, Jr, John Michael<br>Russo, Scamardella & D'Amato, P.C.<br>1010 Forest Avenue<br>Staten Island, NY 10310 | => Fialo, Lorriane |
| Deters, Eric C<br>Eric C Deters & Associates, P.S.C.<br>5247 Madison Pike<br>Independence, KY 41051 | => Williams, Daniel K.* |
| Dixon, Ivan<br>8413 Edgewood Drive<br>Rowlett, TX 75089 | => Dixon, Ivan |
| Eberhardt, John P<br>#1083045<br>1100 FM 655<br>Rosharon, TX 77583 | => Eberhardt, John P |
| Edelman. Daniel A.<br>Edelman, Combs & Latturner, LLC<br>120 South LaSalle Street<br>18th Floor<br>Chicago, IL 60603 | => Ivory, Anita |
| Edmonson, Richard M<br>Armstrong Allen, PLLC<br>4450 Old Canton Road<br>Suite 210<br>Jackson, MS 39211 | => Fred's Express |
| Fayard, Jr, Calvin C<br>Fayard & Honeycutt<br>519 Florida Avenue, S W<br>Denham Springs, LA 70726 | => Russell, Michael Wayne* |
| Fears, Reginald K.<br>James H. Byrd Unit<br>21 FM 247<br>Huntsville, TX 77320 | => Fears, Reginald K. |
| Federman, William B<br>Federman & Sherwood<br>120 North Robinson Avenue<br>Suite 2720<br>Oklahoma City, OK 73102 | => House, Paul E.*, Leonard, Michael R.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Fiesta, Ronald V<br>Kenneth B. Moll & Associates, Ltd.<br>Three First National Plaza<br>50th Floor<br>Chicago, IL 60602 | => Chartrand, Larry*, Grant, Linda* |
| Flowers, R. Allen<br>Flowers Law Firm<br>341 North 25th Avenue<br>Hattiesburg, MS 39401 | => Willis, M.D., Todd |
| Foster, Shawn G.<br>Davis, Bethune & Jones, LLC<br>1100 Main Street<br>Suite 2390<br>Kansas City, MO 64105 | => Bench, Jurhee*; Hunter, Vicky* |
| Fox, Dana Casselli<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas, TX 75204 | => Baldoni, Eugene; Blumfield, Travis; Brumfield, Travis; Lassig, Ashley; Lassig, Leonard, Lassig, Martha, Pearson, Carolyn; Pearson, Elizabeth, Smith, Carolyn; Smith, Eric, Staples, Billy; Staton (Ind./Per./Rep /Heirs/Est.-David Wayne), Rosa Linda, Valdone, Chip |
| Freese, Richard A<br>Sweet & Freese, P L L C.<br>P O Box 1178<br>Jackson, MS 39215 | => Melton, Jerry |
| Gallagher, Michael T<br>Gallagher Law Firm, P.C<br>777 Walker Street<br>Suite 2500<br>Houston, TX 77002 | => Balch, Peggy J * |
| Gancedo, Hector G.<br>Gancedo & Nieves<br>144 West Colorado Blvd.<br>Pasadena, CA 91105 | => Briggs, Janet |
| Garcia, Ricardo A<br>820 S Main Street<br>McAllen, TX 78501 | => Sanchez, Olga* |
| Gibson, Mary<br>P.O Box 400<br>St. Mary's, GA 31558 | => Gibson, Mary |
| Goldser, Ronald S.<br>Zimmerman Reed, P.L L P<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis, MN 55402-4123 | => Dauterman, Brock; Dauterman, Holly; Dauterman, Janet; Dauterman, Rod; Dauterman, Ryan; Glover, Carolyn Y.; Michaud (Ind./Per./Rep. on behalf of the Estate of Andre Adrian Michaud, Decedent Andre Adrian Michaud), Bridget Elaine; Whitmore, Deyonne E |
| Goldwasser, Andrew S.<br>Ciano & Goldwasser<br>460 MK Ferguson Plaza<br>1500 West Third Street<br>Suite 460<br>Cleveland, OH 44113 | => Knoll, Marjory |

Note: Please refer to the report title page for complete report scope and key.

(Panel Attorney Service List for MDL 1,657 Continued)

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Graffeo, C. Anthony<br>Watson, Jimmerson, Givhan, et al.<br>203 Greene Street<br>P O. Box 18368<br>Hunstville, AL 35804 | => Jones, Sharon Scott |
| Griesenbeck, Tim T.<br>Plunkett & Gibson<br>Renaissance Plaza, Suite 1100<br>70 N E Loop 410<br>P.O Box 795061<br>San Antonio, TX 78216 | => Mercy Hospital of Loredo d/b/a Mercy Regional Medical Center |
| Griffith, Patricia<br>1045 Evelyn Avenue<br>Clarksdale, MS 38614<br>*** Bad Address *** | => Griffith, Patricia |
| Guerriero, Jeffrey D<br>Guerriero & Guerriero<br>P O Box 4092<br>Monore, LA 71211-4092 | => Warren, Calvin; Warren, Jessica |
| Harke, Lance A<br>Harke & Clasby<br>155 South Miami Avenue<br>Suite 600<br>Miami, FL 33130 | => Fontanilles, Clara |
| Hebderson, Craig D<br>Gary, Thomasson, Hall & Mark<br>Professional Corp<br>P O Box 2888<br>210 S Carancahua<br>Corpus Christi, TX 78403 | => Reed (Ind /widow-Johnney), Carolyn |
| Hockema, David Hadden<br>Hockema, Tippit & Escobedo, L.L.P.<br>1 Paseo Del Prado<br>Bldg. 101<br>P.O. Box 720540<br>McAllen, TX 78504-0540 | => Hinojosa, Maria Emma* |
| Hodges, Robert M.<br>Wise, Carter, Child & Caraway<br>P.O. Box 651<br>Jackson, MS 39205-0651 | => Mississippi Emergency Associates, P.A. |
| Howell, III, Jesse L<br>Copeland, Cook, Taylor & Bush, P.A.<br>200 Concourse, Suite 200<br>1062 Highland Colony Parkway<br>P O Box 6020<br>Ridgeland, MS 39158-6020 | => Bonners Pharmacy* |
| Hughes, John F<br>Wilkins, Stephens & Tipton<br>P O Box 13429<br>Jackson, MS 39236-3429 | => Reid, M.D , Richard |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Hutton, Mark B.<br>Hutton & Hutton<br>P O. Box 638<br>Wichita, KS 67201 | => Smith, Betty S. |
| Hylla, David A.<br>Bilbrey & Hylla<br>8724 Pin Oak Road<br>P O Box 975<br>Edwardsville, IL 62025<br>*** Bad Address *** | => Bilbrey, Patricia |
| Johnson, Dennis J.<br>Johnson & Perkinson<br>1690 Williston Road<br>P O Box 2305<br>S Burlington, VT 05403 | => Cheeseman, Sara* |
| Johnson, Walter T.<br>Watkins & Eager<br>P O. Box 650<br>Jackson, MS 39205-0650 | => G D Searle & Co ; G.D Searle, LLC, Monsanto Co., Pharmacia Corp. |
| Johnson, III, Whitman B<br>Currie, Johnson, Griffin, Gaines & Myers<br>P O Box 750<br>Jackson, MS 39205-0750 | => Lee, M D., Charles D. |
| Jones, Christy D<br>Butler, Snow, O'Mara, Stevens & Cannada<br>P O. Box 22567<br>Jackson, MS 39225-2567 | => Delta Discount Drugs Inc |
| Josephson, Richard L<br>Baker Botts LLP<br>One Shell Plaza<br>910 Louisana Street<br>Suite 3000<br>Houston, TX 77002-9934 | => R/D Clinical Research, Inc., Resnick, M.D , Harvey |
| Katz, Melissa C.<br>Waters & Kraus<br>3219 Mckinney<br>Suite 3000<br>Dallas, TX 75204 | => Bareham, Sandra; Bolen, Larry; Briggs, Robert; Conditt, Kathy, Holland, Michael; Joiner, Sherri, Knowles, Katrina, Lenormand, Pamela, Mitchell, Robert, Taucer, Albert; Thompson, John; Tucker, Jerry |
| Kegerreis, Sharon L.<br>Hughes, Hubbard & Reed, LLP<br>201 S. Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131-4332 | => Publix Super Markets, Inc. |
| Kennedy, R. Eric<br>Weisman, Kennedy & Berris<br>1600 Midland Building<br>101 Prospect Avenue, West<br>Cleveland, OH 44115 | => Jones, Danford K.*; Jones, Gilda C.* |
| Kleinberg, Norman C.<br>Hughes Hubbard & Reed LLP | => Merck & Co , Inc * |

Note: Please refer to the report title page for complete report scope and key.

(Panel Attorney Service List for MDL 1,657 Continued)

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

One Battery Park Plaza
New York, NY 10004

Knoll, Marjory
Law Office Of Robert J. Dicello
7556 Mentor Avenue
Mentor, OH 44060
=> Meadows, James E.*; Meadows, Jr., James E.; Meadows, June; Meadows, Stephen G.

Kolman, Timothy M
Timothy M. Kolman And Associates
225 North Flowers Mill Road
The Shoppes at Flowers Mill
Langhorne, PA 19047
=> Donovan, Michelle

Lamp, Joel C.
Assistant General Counsel
Tort Litigation Division, Wal-Mart Stores, Inc.
702 S.W. 8th Street
Bentonville, AR 72716-0215
=> Wal-Mart Stores, Inc.

Land, John W.
Bryan, Nelson, Randolph & Weathers
P.O Drawer 18109
Hattiesburg, MS 39404-8109
=> Mettsave Drugs; Quitman Drug Co.

Lanier, W Mark
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
=> Brown, Bobby*, Brown, Linda*; Daley (Ind./Rep./Est.-Robert Deleon & Next Friend for Scott A. & Shirley Mann), Deborah*, Stubblefield (Ind./Rep./Est.-Keith Jerome & Next Friend-Keith Jerome, Korietta Lashay, Kendall Wayne& Kedrick Roy), Kimberly D.*

Leathers, Jeffrey D
Greer, Pipkin, Russell, Dent & Leathers
P O Box 907
Tupelo, MS 38802
=> Community Discount Pharmacy*

Leesfield, Ira H.
Leesfield, Leighton, Rubio & Mahfood, P.A.
2350 South Dixie Highway
Miami, FL 33133
=> Schneider, Sidney

Levin, Arnold
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
=> Besaw, Patrick*; Smith, Henry*; Smith, Mary*

Lewis, Carlene Rhodes
Goforth, Lewis, Sanford, LLP
1111 Bagby
Suite 2200
Houston, TX 77002
=> Ahl, June*; Alaniz, Flora*; Allen, George*; Alston, Jr., John*; Anglin, Helen*; Austin, Nancy*; Baker, Mary*; Baker, Norma*; Baldwin, Kenneth*; Banks, Judy*; Barrington, Ernest*; Bell, Myrtle Louise*; Benavides (Ind./Rep/Est.-Lucia Gutierrez), Patricia*; Berry, Flora*; Bogdany, Arthur*; Bridgers, Rebecca*; Bronze, Sandra*; Brooks, Fredrick*; Brow, Mary*; Brown, Esther*; Brown, Wattie*; Buck, Patricia*; Buckner, Claude*; Bullock, Barbara*; Burk-Cameron, Patricia*; Burkett (Legal Heir/Est.-Lelan Stringer), Majorie*; Burrell, Willie*; Busby-Allen, Sharla*; Butcher, Shirley*; Calder, Virginia*; Camacho, Maria*; Carney, Homer*; Carter, Andrea*; Carter, Essie*; Carter, Helen Portis*; Castro, Hortensia*; Cebrum, Alice*; Chambers, Christopher*; Chane, Della*; Chatman, Charles*; Childress, Cynthia*; Chocolate, Belinda*; Clark, Beulah*; Clark, Cortrena*; Clark, Delores*; Clark, Mary*; Clayton, Marsha*; Cluff, Anna*; Coleman, Lula*; Combs, David*; Cooper, Roberts*; Coppedge, Darryle*; Crick, Kimberly*; Cruz, Esperanza*; Cryer, Becky*; Dahl, David*; De La Rosa, Odilla*; Deainza, Barbara*; Denny, Jeffrey L.*; Denny, Molly J.*; Diaz, Mary*; Duncan, Shirley*; Elam, Claudia*; England, James*; Fischbach, Arleigh*, Flaniken, Betty*; Forbes, James*; Foward, Joe*;

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |
| | Futrell, Sharon*; Gajdosik, Margaret*; Garrett, Manieka*; Garza, Jorge*; Garza, Linda*; Garza, Manuel*; Garza, Pauline*; Geryak, Janie*; Gilmore, Bobbie*; Glaspie, Precious*; Goss, Garcia*; Graves, Mark*; Gray, Marvinette*; Griggsby, Tenya*; Guzman, Beatriz*; Haddox, Gracie*; Hafemann, Donald*; Hannah, Reba*; Hannah, Sandra*; Hardin, Larry*; Harrell, Regina*; Harris, Richard*; Harris, Sandra*; Harris, Vivian*; Haynes, Lloyd*; Heirs/Est.-Pablo Flores*; Hermis, Lawrence*; Hernandez, Ana*; Hervey, George*; Hess, Kenneth*; Hill, Kristy*; Hodges, Alvin*; Hogue, Thelma*; Holland, Wanda*; Hopson (Ind./Rep./Est.-Kay Faubion), Joe*; Howard, Annice*; Hubbs, Judy*; Hutson, Jerry*; Jackson, Ella*; Jackson, Esther*; Jackson, Lendia*; James, Tracy*; Jobe, Charles*; Johnson, Willie*; Jones, Terryl*; Kenne, Gordon*; King, Patricia*; Knox, Mary*; Kolak, Alexander*; Lane, Sr., Prentice*; Lawson, Elva*; Lee, Gary*; Lerma, Clemente*; Leslie, Doris*; Leveen, Jay*; Lewe, Doris Jean*; Lewis, Crystal*; Lise, Joyce*; Logsdon, Ernest*; Lovvorn, Jesse*; Lucas, Stephen*; Mallet, Anthony J.*; Mallet, Priscilla G.*; Mankarious, Rifaat*; Manning, Rosie*; March, Alicia*; Martin, Georgia*; Martinez, Willie*; Mauldin, Mary*; Mayberry, Janice*; Mayo, Veronica*; McCleveland, Kym*; McGathon, Myrtle*; McMillian, Opal*; McNualty, Sharon*; Miller, Grunetta*; Molina, Euardo*; Moore, Sharon*; Moreno, Jesus*; Morris, Gerald*; Morton, David*; Mowery, Ricky*; Murphy, Mary*; Myer, Margaret Pearson*; Nelson, Rubie*; Newell, Carol*; Newton, Mary*; Nichols, Fredrick*; Oliver, Rena*; Owen, III, David*; Parker, Jessie*; Parks, Dorothy*; Parks, Margaret*; Patterson, Steven*; Phelan, Claudia*; Phillips, Laura M.*; Pikul (Adm./Est.-Paul), Thomas Joseph*; Platt, Jr., Alvin*; Posada, Maria*; Powers, Gail*; Pradia, Carolyn*; Punch, Vivian*; Pyron, Marshall*; Rady, Jean*; Ramirez, Josefa*; Ray, Sr., Darrell*; Reyna, Pete*; Reynolds, Lori*; Rhodes, Brian*; Rhodes, George*; Richter, Mary*; Rivera, Epifanio*; Roberts, Katherine*; Roberts, Lorna*; Robertson, Teddy*; Robinson, Lonnie*; Robinson, Oscar*; Rodriguez, Dorothy*; Rodriguez, Jose*; Rodriguez, Vivian*; Rogers, Hank*; Ross, Larry*; Ross, Olga*; Ross, Sonsuray*; Royston, Trina*; Russell, Shelvy*; Saylor, Richard*; Schuhrke, Nora*; Seago, Buncy*; Shah, Ahmed*; Shields, Marie*; Simmons, Robert*; Simpson, Ovie*; Simpson, Patricia*; Skipworth, Billy*; Small, Weavis*; Smith, Georgia*; Smith, Melody*; Sorge, Charles*; Steard, Sheilah*; Stech, Richard*; Taylor, Jimmy*; Taylor, Susan*; Taylor,Tammy*; Taylor-Beck, Dimitri*; Teagve, James*; Thomas, Gerladine*; Thomas, Jr., Clifton*; Thomas, Leslie*; Thompson, Ray*; Tucholski, Ernest*; Wallace, Lamar*; Ward, George*; Ward, Willie*; Wardlow, Willard*; Watson, Jummy*; Watson, Lonzine*; Wiley, Little*; Williams, Belinda*; Williams, Charlotte*; Williams, Josephine*; Williams, Theresa*; Wilson, John*; Wofford, Diane*; Wood, Carol*; Woodall, Phyllis*; Worsley, Fred*; Wright, Alice*; Yarbrough, Brenda*; Yong Cha, Page* |
| Lietz, David K.<br>Coale, Cooley, Lietz, McInerny & Broadus<br>818 Connecticut Avenue<br>Suite 857<br>Washington, DC 20006 | => Gerber, Ellen B *; Gerber, Melvin* |
| Lockridge, Richard A.<br>Lockridge, Grindal & Nauen P.L.L.P<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401-2179 | => Homister, Shirley |
| Luckett, Jr, William O<br>Luckett Law Firm<br>P O. Drawer 1000<br>Clarksdale, MS 38614-1000 | => Kroger Co. |
| Malone, Patrick A.<br>Stein, Mitchell & Mezines<br>1100 Connecticut Avenue, N.W<br>Suite 1100<br>Washington, DC 20036 | => Jeffers, Barbara Ann; Jeffers, Daniel Martin |
| Matthews, David P.<br>Abraham Watkins Nichols Sorrels Matthews & Friend | => Gilmore, Charles C *; Hale, Donna*; Stout, John R.*; White, Johnny*; Young, Bernadette* |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,657 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 800 Commerce Street<br>Houston, TX 77002-1776 | |
| McClain, Kenneth B<br>Humphrey, Farrington & McClain, P C<br>221 West Lexington<br>Suite 400<br>Independence, MO 64050 | => Nevels, Caroline* |
| McNamara, J. Leray<br>Copeland, Cook, Taylor & Bush, P.A.<br>200 Concourse, Suite 200<br>1062 Highland Colony Parkway<br>P.O. Box 6020<br>Ridgeland, MS 39158-6020 | => Ball, M.D., David*; Barr, M D , William*; Hammock, M.D , B.L.; Hassell, John F.; Line, M.D., Lance*;<br>Liverman, Steven B *; Newell, M.D , Bruce*; Peeler, M.D., J.G.*; Smith, M.D., Randall; Weiss, David<br>C.*; Windham, M D., Thomas* |
| Meaders, Kim M.<br>Crouch & Ramey<br>1445 Rose Avenue<br>Ste 2300<br>Dallas, TX 75202 | => Alford's Pharmacy* |
| Merkel, Charles M.<br>Merkel & Cocke<br>P O Box 1388<br>Clarksdale, MS 38614-1388 | => Shannon, Frances |
| Milam, S Kirk<br>Hickman, Goza & Spragins, Pllc<br>P O Drawer 668<br>Oxford, MS 38655-0668 | => Gunn, M.D , Susan*; Gunn, Susan*; McIntosh, M.D., Cooper A.* |
| Milavetz, Allen Scott<br>Milavetz Gallop & Milavetz<br>6500 France Avenue, South<br>Edina, MN 55435 | => Burris, Jr , Lowell |
| Miller, Mason L.<br>Getty & Mayo, PLLC<br>1900 Lexington Financial Center<br>250 W. Main Street<br>Lexington, KY 40507 | => Getty, Richard J *; Stamper, Della* |
| Minor, Daniel<br>1032 Cardinal Dr.<br>Waco, TX 76712 | => Minor, Daniel |
| Minor, Steven R.<br>Elliott Lawson & Minor, PC<br>P.O. Box 8400<br>Bristol, VA 24203-8400 | => Amerisource Corp.*#; AmerisourceBergen Corp. fdba AmeriSource Corp |
| Moirano, Michael H.<br>Nisen & Elliott<br>200 West Adams Street<br>Suite 2500<br>Chicago, IL 60606 | => Oswald, Constance* |
| Mousseau, Geoffrey C.<br>Mousseau & Associates | => Ashman, Charles* |

Note: Please refer to the report title page for complete report scope and key.

(Panel Attorney Service List for MDL 1,657 Continued)

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 1421 Valverde Place<br>Suite B<br>Glendale, CA 91208 | |
| Mulhern, Edwin T.<br>Huwel & Mulhern<br>11 New Hyde Park Road<br>Frank Square, NY 11010 | => Mell, Alan |
| Murray, Stephen B<br>Murray Law Firm<br>909 Poydras Street<br>Suite 2550<br>New Orleans, LA 70112-4000 | => Gottsegen, M.D., Warren L.*; Gregory, Jr , William B * |
| Nast, Dianne M<br>Roda & Nast, P.C<br>801 Estelle Drive<br>Lancaster, PA 17601 | => Engle (Ind /Adm./Est.-Louise), Fred S.* |
| Naylor, Eugene R.<br>Wise, Carter, Child & Caraway<br>600 Heritage Bldg<br>401 East Capitol St<br>P O  Box 651<br>Jackson, MS 39205-0651 | => Patel, M.D., Pravin |
| O'Malley, Richard F<br>Sidley Austin Brown & Wood<br>10 South Dearborn Street<br>Suite 48 Southeast<br>Chicago, IL 60603 | => G D  Searle & Co.*; Pfizer, Inc.*, Pharmacia Corp * |
| Owen, Gregory J.<br>Owen, Patterson & Owen<br>23822 West Valencia Blvd.<br>Suite 201<br>Valencia, CA 91355 | => Baca, Richard David*; Berchtold, Don*; Cole, Sally*; De Luca, Barbara*; Evans, Charles*; Giles, Stan*, Goodell, Margaret Helen*, Gunn, Leroy*; Holley (Heir-Audrey L. Piscitello), Alison*; Householder, Betty*; Jackson, Yvonne O *; Piscitello (Heir-Audrey L.), Clement*; Reagan, Gorman*, Safford, Joyce Crawford*; Salt, Della Jo*; Sieper (Heir-Audrey L. Piscitello), Meredith*, Winward, Kenneth C.*; Wright, Ward* |
| Pearson, Thomas Jack<br>Pearson & Campbell, P C<br>2394 Calder Avenue<br>Beaumont, TX 77702 | => Allen, Gloria*, Jones, Rena*; Lewis (Ind./Next Friend-Trienida & Quenida), Brenda*; Lewis (Ind /Next Friend-Trienida & Quenida), Darylene*; Painton, Billie*; Painton, Jack*, Richard, Calvin*, Richard, Ervin*; Richard, Kernis*; Richard, Larry*; Richard, Lon*; Richard, Lovincy* |
| Piper, Jr, Robert E.<br>Piper & Associates<br>624 Pierre Avenue<br>P O. Box 69<br>Shreveport, LA 71103 | => Bates, Catherine; Bates, Leroy; Burns, Annie; Burns, Lendell, Butler, Mary, Butler, Maynard; Evans, Garnett, Evans, Marion, Harper, Josephine, McKnight, Vaughn; Sadler, Leona; Tice, Martha; Tice, William; Wright, Frances; Wright, Herchial |
| Pitre, Frank M.<br>Cotchett, Pitre, Simon & McCarthy<br>San Francisco Airport Office Center<br>Suite 200<br>840 Malcolm Road<br>Burlingame, CA 94010 | => Brass, Jeffrey, Taylor, Patricia A.; Tokes, Kathy |
| Pope, Geoffrey Edward<br>Doffermyre, Shields, Canfield, Knowles & Devine<br>1355 Peachtree Street, N E | => Strickland, Edna |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 1600 The Peachtree<br>Atlanta, GA 30309-3269 | |
| Price, Henry J.<br>Price, Potter, Jackson, Waicukauski & Mellowitz<br>The Hammond Block Building<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204 | => Baum, Janice; Briner (Per./Rep./Est.-Phyllis), Darai; Henderson, Kevin; Portillo (Ind./Heir-Elvira M.<br>Pena), Ruben; Van Jelgerhuis, Kimberly |
| Quetglas-Jordan, Eric M.<br>Queglas Law Offices<br>P.O Box 16606<br>San Juan, PR 00908-6606 | => Gonzalez, Hilda Rita; Gonzalez, Robert A.; Gonzalez-Arias, Rafael* |
| Robb, William R.<br>Aleshire, Robb & Sivils, P C.<br>901 St. Louis Street<br>Suite 1600<br>Springfield, MO 65806 | => Young (Ind./Next Friend-Steven/Adm./Est.-Lisa), Russell |
| Rowland, Robert D<br>2227 South State Route 157<br>Edwardsville, IL 62025 | => Ellis, John* |
| Ruiz, John H<br>Law Office of John H Ruiz<br>5040 N.W 7th Street<br>Suite 920<br>Miami, FL 33126 | => Abraham, Josefa*; Alcarez, Maria P *, Andino, Jose* |
| Rynecki, Scott<br>Rubenstein & Rynecki<br>16 Court Street<br>Suite 1717<br>Brooklyn, NY 11241 | => Aiken (Adm /Est -Mary & Kenneth), Elizabeth; Covington, Jerome; Davis, Laney C. |
| Saia, Stephen V.<br>Law Offices of Stephen V Saia<br>70 Old Cart Path Lane<br>Pembroke, MA 02359 | => Saia, Frank R.* |
| Schwebel, Paul R.M.<br>5657 Rundle Court<br>Indianapolis, IN 46220 | => Morrison (By his Per./Representative Patricia L.), Lowell D. |
| Scott, Stuart E.<br>Spangenberg, Shibley & Liber, LLP<br>2400 National City Center<br>1900 East 9th Street<br>Cleveland, OH 44114 | => Moldovan, Gregory*; Moldovan, Wanda* |
| Seeger, Christopher A.<br>Seeger Weiss, LLP<br>One William Street<br>10th Floor<br>New York, NY 10004-2502 | => Brown, Clairse; Hanson, William*; Pagan, Carmen M.; Walson (Ind./Adm./Est.-Willie, Jr.), Roberta* |
| Simon, Jeffrey B<br>Waters & Kraus<br>3219 McKinney Avenue | => Bias, Byron; Varnado, Carolyn |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,657 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 3000<br>Dallas, TX 75204 | |
| Smith, David Neil<br>Nix, Patterson & Roach, LLP<br>205 Linda Drive<br>Dangerfield, TX 75638 | => Williamson (Ind./Next friend-Courtly & Herman), Marian |
| Smith, Deanna Dean<br>Ebanks, Smith & Carlson LLP<br>1401 McKinney<br>Suite 2500<br>Houston, TX 77010-4034 | => Truitt, M.D , Norman |
| Snapka, Kathryn A.<br>Snapka, Turman & Waterhouse, LLP<br>606 N Carancahua, Suite 1511<br>P O. Drawer 23017<br>Corpus Christi, TX 78403 | => Benavides (Ind./Per./Est.-Juan), Patricia*; Sandoval, Audona |
| Specter, Shanin<br>Kline & Specter<br>1525 Locust Street<br>19th Street<br>Philadelphia, PA 19102 | => Sirota, Merrick*; Sirota, Michele* |
| Stacy, Robert F<br>Daniel, Coker, Horton & Bell<br>P O. Box 1084<br>Jackson, MS 39215-1084 | => Don's Pharmacy, Woods Drug Store |
| Steward, John S<br>Meyerkord and Steward<br>2525 South Brentwood Boulevard<br>Suite 102<br>St. Louis, MO 63144 | => Perkins, Janice |
| Sullivan, Robert G<br>Sullivan, Papain, Block, McGrath & Cannavo<br>120 Broadway<br>18th Floor<br>New York, NY 10271 | => Wright, Dawn; Wright, Lawrence |
| Thomas, Casandra F<br>514-C Woodrow Wilson Avenue<br>Jackson, MS 39213 | => Thomas, Cassandra Faye |
| Tisi, Christopher V.<br>Ashcraft & Gerel<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036 | => Biles, Melvin*; Edler (Ind./Per./Rep./Est.-William Dale & behalf-wrongful death beneficiaries-William Dale, Gail Lynne & Shawn C.), Lindsey*; Morris, Jr., David* |
| Wade, Jr., Lawrence D<br>Campbell, DeLong, Hagwood & Wade<br>P O. Box 1856<br>Greenville, MS 38702-1856 | => Petilos, M.D., Salvador; Waller, M.D , Richard E. |
| Walker, Chris J.<br>Markow Walker, P A. | => Stone, M.D , Deck; Weiner, Roger |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| P O Box 13669<br>Jackson, MS 39236-3669 | |
| Walker, Thomas E.<br>Johnston, Barton, Proctor & Powell<br>2900 AmSouth/Harbert Plaza<br>1901 6th Avenue North<br>Birmingham, AL 35203 | => Harlan, Gary; Wall, Robert |
| Watson, Leila H<br>Cory, Watson, Crowder & DeGaris, P.C.<br>2131 Magnolia Avenue<br>P O Box 55927<br>Birmingham, AL 35255-5972 | => Wilson, Danny M |
| Weaver, Jennifer Fadal<br>1305 Fossel Ridge Trial<br>Waco, TX 76712 | => Weaver, Jennifer Fadal |
| Weiner, Richard J.<br>Law Offices Of Richard J Weiner, P.C<br>119 Rockland Center<br>Suite 425<br>Nanuet, NY 10954 | => Quick, Anna |
| Weisbrod, Leslie<br>Morgan & Weisbrod<br>11551 Forest Central Drive<br>Suite 300<br>Dallas, TX 75243 | => Register, Anne, Register, Jack A. |
| Welch, III, Jewell E<br>Cunard Reis Law Firm<br>9214 Interline Avenue<br>Baton Rouge, LA 70809 | => White, Vicki |
| Weston, John K.<br>Sacks, Weston, Smolinksy, Albert & Luber<br>510 Walunt Street<br>Suite 400<br>Philadelphia, PA 19106 | => Carr, Gwendolyn L.* |
| Wright, James L.<br>Mithoff & Jacks<br>1 Congress Plaza<br>111 Congress Avenue<br>Suite 1010<br>Austin, TX 78701-0001 | => Bauman (Ind./Rep /Est.-Elsie Geneva), Larry Lee; Bauman, III (Ind./Rep /Est -Elsie Geneva), Ernest Charles, Clay (Ind./Rep /Est -Elsie Geneva Bauman), Leslie Lynn Bauman; Mincher (Ind./Rep./Est.-Elsie Geneva Bauman), Kelly; Moses (Ind./Rep./Est.-Elsie Geneva), Mary Carla; Tolbertt (Ind./Rep /Est.-Elsie Geneva Bauman), Lisa Bauman |
| Zonas, James John<br>James J. Zonas, Attorney at Law<br>700-2nd Avenue, North<br>Suite 102<br>Naples, FL 34102 | => Dunleavey (By & Through/Per /Rep /Est.-Edward), Frances |

Nadeem Haider
606 N. Jefferson St.
Louisville, MS 39339

Barbara J. Hart
Goodkind,Labaton,Rudoff & Sucharow
100 Park Ave., 12th Floor
New York, NY 10017-5563

Steven L. Russell
Beirne,Maynard & Parsons
1700 Pacific Ave, Ste 4400
Dallas,TX 75201

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDY FLEMING, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:07-CV-797-MHT |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

**MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS
PENDING TRANSFER DECISION BY THE JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

**INTRODUCTION**

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Marketing, Sales Practices & Prods. Liab. Litig.* MDL No. 1657, the Multidistrict Litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from Vioxx® (hereinafter the "Vioxx product liability cases") (*See* February 16, 2005 Transfer Order attached hereto as Exhibit A).

Merck has provided notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action.   (*See* Merck's 262nd Notification of Potential Tag-Along Actions attached hereto as Exhibit B.) Merck expects a conditional transfer order to be issued shortly.

Pending the transfer of this case to the Eastern District of Louisiana, a stay of proceedings is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407.  Absent a stay, this Court will expend judicial resources supervising pre-trial proceedings and making rulings in a case over which it will likely soon lose jurisdiction and will probably never see again.  Moreover, without a stay, Merck would be significantly and unfairly prejudiced because it would have to duplicate discovery and legal briefing in jurisdictions around the country.

## BACKGROUND

### A.    MDL-1657

On February 16, 2005 the MDL Panel issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation.*  The Transfer Order directed that the 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon.  (*See* **Ex. A.**)  In the Transfer Order, the Panel expressly held that the Vioxx product liability cases have overlapping questions of fact:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

(*Id.* at 2.)

The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along actions."  (*Id.* at n.

1.)  There are now processes in place for getting related cases transferred to Judge Fallon's Court quickly and efficiently.  Merck's counsel updates the Panel twice a week in writing of newly-filed related cases and developments in cases still under Panel consideration.  The MDL Panel has been issuing conditional transfer orders transferring hundreds of additional related cases to Judge Fallon based on the information in these tag-along letters.

Pursuant to the reporting procedures mentioned above, on September 7, 2007, Merck provided notice of this action to the Panel.  Merck expects a conditional transfer order to be issued by the MDL Panel in this action no later than two weeks from the Panel's receipt of the notice.  Assuming Plaintiff does not object within the 15-day period set forth in J.P.M.L. Rule 7.4(c), the transfer order will be filed in Judge Fallon's court upon expiration of Plaintiff's period to object, and the case will be transferred for coordinated pretrial proceedings, in all likelihood within 45 days from today.[1]

## B.    The Instant Action

On or about September 5, 2007, Plaintiff commenced this action against Merck by filing a Complaint in this court.  On September 6, 2007, Merck was served with a copy of Plaintiff's Complaint.  On September 24, 2007, Merck filed an Answer and jury demand.  There is no dispute that this case involves the same factual inquiries that the

---

[1]    In the event Plaintiff chooses to object to transfer to the MDL court, there is a separate procedure for filing objections to the transfer with the MDL Panel.  The issue of whether the case should be transferred would be set for the next available Panel hearing session.  Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile.  In fact, on June 20, 2005 the MDL Panel considered a wide range of arguments made by plaintiffs to the transfer of 34 of the 321 cases listed on Conditional Transfer Order No. 1 and No. 2, and rejected them all.  (*See* June 20, 2005 Transfer Order (attached hereto as **Exhibit C**).)  The Panel ordered these cases transferred to Judge Fallon's court because it would best "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."  (*Id.* at 1.)

Panel notes were present in the Vioxx product liability cases generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, it is clear from the face of the Complaint that this case, like the other Vioxx product liability cases, focuses on the alleged increased health risks (including heart attack and stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers.   For example, Plaintiff alleges that "Vioxx, as manufactured, sold, and distributed to the general public, including Judy Fleming, did not conform to the express representations made by Defendant Merck to the general public, including Judy Fleming, and made by Defendant to prescribing physicians, in that the drug significantly increased the risks of cardiovascular events and was not as effective and safe as represented. "(Compl., ¶ 26.)

## ARGUMENT

Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings here pending transfer of this case to MDL-1657.  *Boudreaux v. Metropolitan Life Ins. Co.,* No. 95-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).  The power to stay is well established and particularly apt here.  It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S 248, 254 (1936).  Where, as here, the MDL Panel has already decided that coordination is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings.  *See New Mexico State Inv. Council v. Alexander*, 317

B.R. 440, 446 (D.N.M. 2004); *Mathern v. Wyeth*, No. Civ. A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

When deciding whether to issue a stay pending the MDL Panel's decision on transfer of an individual action, courts look at three factors, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). *See also Mathern*, 2004 WL 1922028, at *1. As described below, consideration of all of these factors favors granting a stay of this action. The overwhelming majority of courts to have considered the issue have agreed: more than 3,400 Vioxx cases have been stayed by federal courts around the country pending MDL coordination. These decisions in other Vioxx cases make clear the necessity of a stay here. For example, in *Denny v. Merck & Co., Inc.*, No. 04-cv-00526, slip op. (S.D. Tex. Dec. 6, 2004), the Southern District of Texas court stayed all proceedings over plaintiffs' objection, holding that "[t]he power to stay all proceedings is well established and particularly apt here." *Id.* at 2. The court observed there that "[i]t would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims." *Id.*

**I.     JUDICIAL ECONOMY MANDATES A STAY.**

Because of the overlapping factual issues and similar legal theories present in the Vioxx cases currently pending in federal court, including this civil action, much work would be needlessly duplicated if pretrial proceedings and discovery continues to go forward on a parallel track with MDL-1657.  Moreover, if this Court were not to issue a stay, it would be issuing rulings that would likely be reconsidered after this case is transferred to Judge Fallon's court.  As the court in *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002), noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted."  2002 WL 31114069, at *2.  *See also Fontanilles v. Merck & Co., Inc.*, No. 04-22799-CIV-HUCK (S.D. Fla. Dec. 14, 2004), slip op. at 2 ("Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issue at this time"); *Falick v. Merck & Co., Inc.*, No. 04-3006 (E.D. La. Jan. 3, 2005), slip op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying the proceedings will serve the interests of judicial economy.").  The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge."  *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Indeed, Judge Fallon has already issued orders anticipating the transfer of cases such as this; those orders will immediately apply upon transfer of the case to his court.  *See, e.g., In re VIOXX® Products Liab. Litig.*, Pretrial Order No. 1 (Exhibit D at 1-2) ("This order . . . will also apply to any 'tag-along actions' later filed in, removed to, or transferred to, this Court.").

6

The Court should also refrain from holding additional status conferences or issuing additional discovery orders because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Rivers*, 980 F. Supp. at 1360-61. Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment). In fact, it is unlikely that this Court will encounter this case again once it is transferred to an MDL; as a 2004 report from the Administrative Office of the United States Courts revealed, fewer than 10% of the cases that have been resolved through MDL treatment since Congress enacted the MDL statute were ever transferred back to the original transferor district. Accordingly, a stay will conserve judicial resources.

In addition to the waste of judicial resources inherent in proceeding with this action prior to inevitable MDL transfer of this case to MDL-1657, Merck would be substantially prejudiced by duplicative discovery and motion practice if a stay were not put in place. *See American Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Plaintiffs across the country will surely notice the same set of Merck employees and former employees for deposition. Without

a stay, the risk exists that Merck will have to produce these witnesses multiple times in different jurisdictions.

A stay will not, however, unduly prejudice Plaintiff in this action.  First, any delay that Plaintiff may experience will be minimal, and the prejudice to Merck would far outstrip any harm to Plaintiff.  *See Arthur-Magna v. Del-Val Financial Corp.*, No. CIV.A. No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) ("even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").  Indeed, all of the parties – including Plaintiff here – will benefit through increased efficiency and coordinated pretrial case management and, as such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding.  Second, this action is not on the eve of trial.  Discovery has not yet begun.  Because Plaintiff has expended limited resources to date, she will not be prejudiced by a limited delay.  This Court should therefore stay all proceedings in this civil action pending a determination on the transfer of this case to MDL-1657.

## II.    WITHOUT A STAY, THERE IS A RISK OF CONFLICTING RULINGS BETWEEN THIS COURT AND THE MDL COURT.

To avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this civil action and other actions should proceed in an orderly, coordinated fashion, as directed by the single court selected by the MDL Panel to coordinate these cases.  *See Mathern,* 2004 WL 1922028, at * 1 ("a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings"); *Knearem*, 2002 WL 1173551, at * 1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings."); *Shannon v. Merck & Co., Inc.*, No. 2:03CV105-D-B, slip op. (N.D. Miss. Nov.

29, 2004) ("the court finds that because the issues involved in this matter are likely to be similar to other potentially transferred VIOXX cases, the policies of efficiency and consistency of pretrial rulings will be furthered by the this Court staying these proceedings."). Accordingly, the Court should stay these proceedings to ensure the efficient and consistent resolution of pertinent legal issues before the MDL judge.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

**s/ Richard B. Garrett**

Richard B. Garrett
    Bar Number: (ASB-0782-A29R)
Robert C. Brock
    Bar Number:  (ASB-5280-B61R)
F. Chadwick Morriss
    Bar Number: (ASB-8504-S75F)


RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:        rbg@rsjg.com
       rcb@rsjg.com
       fcm@rsjg.com


**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Andy D. Birchfield, Jr., Esquire
Benjamin L. Locklar, Esquire
Beasley, Allen, Crow, Methvin,
      Portis & Miles, P. C.
P. O. Box 4160
Montgomery, Alabama 36103-4160




**s/Richard B. Garrett**_____
Of Counsel